UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| DOUGLAS VERNON MASHEK, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No.: 3:19-CV-468-TAV-HBG ) |
| PAUL SAAH, | ) ) |
| Defendant. | ) ) |

# MEMORANDUM OPINION AND ORDER

This civil matter is before the Court on defendant's Motion to Dismiss [Doc. 7]. Defendant asks this Court to dismiss plaintiff's claims against him pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendant contends that plaintiff's claims for false arrest and imprisonment and malicious prosecution are time-barred. Plaintiff has not opposed this motion.

**I.     Background[1]**

In his *pro se* complaint, Plaintiff simply states that: (1) he was arrested and imprisoned on November 15, 2016, by defendant[2]; (2) he was searched and his property was seized; and (3) the criminal charges against him were dismissed [Doc. 1 ¶¶ 5, 7, 10].

---

[1] For the purposes of the motion to dismiss, the Court takes plaintiff's factual allegations as true. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting that "when ruling on a defendant's motion to dismiss, a judge must accept as true all factual allegations contained in the complaint.").

[2] From the context of the attached record [Doc. 1-2], it appears that defendant was a police officer with the Knox County Sheriff's Department at the time of this incident.

Plaintiff contends that his arrest and imprisonment, and the accompanying search and seizure, were unlawful and seeks $80,000 in damages [*Id*. ¶¶ 6, 8, and p. 2].

Plaintiff attaches to his complaint records from Knox County General Sessions Court [Doc. 1-2]. These records indicate that, on the evening of November 15, 2016, defendant conducted a traffic stop of plaintiff for failure to stop at a stop sign and speeding [*Id*. at 2]. During the traffic stop, plaintiff refused to produce a driver's license, did not want to tell defendant his name, and admitted that he did not have automobile insurance. Once defendant was able to ascertain plaintiff's identity, a records check revealed that his license was expired, and defendant arrested plaintiff for driving without a license. In his affidavit of complaint, defendant noted that he took plaintiff into custody, rather than issuing a citation, because his record revealed numerous "failure to pay citations" [*Id*.]. Plaintiff was ultimately charged with speeding, driving without a valid license, and driving without insurance [*Id*. at 40-41].

On February 13, 2017, plaintiff appeared in Misdemeanor Sessions Court in Knox County, and was found in contempt of court after he was "intentionally obstructionist, interfered with the Court's ability to preside over his case for the purpose of preventing the Court from proceeding, and spouted inane and nonsensical sovereign citizen gibberish." [*Id*. at 15]. On December 13, 2017, the original charges against plaintiff were dismissed, on motion of the State [*Id*. at 55].

2

Case 3:19-cv-00468-TAV-HBG   Document 12   Filed 10/21/20   Page 2 of 6   PageID #: 76

## II. Standard of Review

Federal Rule of Civil Procedure 8(a)(2) sets out a liberal pleading standard, *Smith v. City of Salem*, 378 F.3d 566, 576 n.1 (6th Cir. 2004), requiring only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the [opposing party] fair notice of what the . . . claim is and the grounds upon which it rests,'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Detailed factual allegations are not required, but a party's "obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions." *Id*. at 555 (internal quotation marks and alterations omitted). "[A] formulaic recitation of the elements of a cause of action will not do," neither will "naked assertions devoid of further factual enhancement," nor "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555, 557) (internal quotation marks and alterations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, draw all reasonable inferences in favor of the plaintiff, and determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007) (citation omitted). "[W]hen the allegations in the complaint affirmatively show that the claim is time-barred . . . dismissing the claim under Rule 12(b)(6) is appropriate." *Cataldo v. U.S.*

3

*Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012) (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007)).

## III. Analysis

Construing plaintiff's *pro se* complaint liberally,[3] he arguably raises claims of false arrest and imprisonment and malicious prosecution under 42 U.S.C. § 1983, and potentially, these same claims under state law, under this Court's supplemental jurisdiction.

Section 1983 itself does not contain a statute of limitations. Where Congress does not specify a period of limitations in a federal statute for bringing a civil action, the court is required to apply the most closely analogous statute of limitations provided under the laws of the State of Tennessee. *Eidson v. State of Tennessee Dep't of Children's Serv.*, 510 F.3d 631, 634 (6th Cir. 2007). Under this rule, the applicable limitations period for § 1983 claims in Tennessee is one year. *Hughes v. Vanderbilt Univ.*, 215 F.3d 543, 547 (6th Cir. 2000). Clearly, since this limitations period is based on state law, any supplemental state law claims are subject to the same limitations period. *See* Tenn. Code Ann. § 28-3-104(a)(1) (establishing a one-year limitations period for personal injury and intentional tort actions).

"[T]he statute of limitations upon a § 1983 claim seeking damages for false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal

---

[3] As a general rule, *pro se* pleadings are to be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

4

process." *Wallace v. Kato*, 549 U.S. 384, 397 (2007). Additionally, the statute of limitations begins to run on a claim for malicious prosecution on the date of the dismissal of criminal charges. *Shamaeizadeh v. Cunigan*, 182 F.3d 391, 399 (6th Cir. 1999).

According to plaintiff's complaint, the arrest at issue occurred on November 15, 2016, and, according to the attached records, the prosecution continued throughout 2017, ultimately ending on December 13, 2017, when the case was dismissed [Doc. 1 ¶ 5; Doc. 1-2 p. 55]. Plaintiff filed his complaint in this Court on November 18, 2019 [Doc. 1], over three years after his initial arrest, and nearly two years since the charges against him had been dismissed by the state court. For purposes of a claim of false arrest and imprisonment, the one-year limitations period would have begun on the date of plaintiff's arrest, November 15, 2016. *See Wallace*, 549 U.S. at 397. Plaintiff's claim of false arrest and imprisonment in his complaint, filed more than three years after his arrest, is clearly time-barred. Moreover, for purposes of his claim of malicious prosecution, the one-year limitations period would have begun on December 13, 2017, when the criminal charges against him were dismissed. *See Shamaeizadeh*, 182 F.3d at 399. Plaintiff's claim of malicious prosecution in his complaint, filed approximately 1 year and 11 months after the criminal charges against him were dismissed, is also clearly time-barred.

Because all of plaintiff's discernable claims are clearly time-barred, defendant's motion to dismiss [Doc. 7] will be **GRANTED** and plaintiff's claims will be **DISMISSED**.

5

## IV. Conclusion

Accordingly, for the reasons stated above, defendant's motion [Doc. 7] is **GRANTED** and this case is **DISMISSED**. The Clerk is directed to **CLOSE** this case.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE
